IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHNNY LANE ESTEP                                                      PLAINTIFF

v.                     CIVIL NO. 5:16-CV-5181

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Johnny Lane Estep, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on February 13, 2014, alleging an inability to work since August 24, 2011, due to depression, anxiety, diabetes, and problems with his back, neck, and legs. (Doc. 10, pp. 78, 90, 102, 115). An administrative

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

video hearing was held on August 19, 2015, at which Plaintiff appeared with counsel and testified. (Doc. 10, pp. 50-76).

By written decision dated September 19, 2015, the ALJ found that Plaintiff had severe impairments of cervical degenerative disc disease (post ACF surgery for HNP at C5-C6), diabetes mellitus, obesity, and depression. (Doc. 10, pp. 34-35). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 10, pp. 35-37). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b), except that Plaintiff could frequently lift and/or carry ten pounds; occasionally lift and/or carry twenty pounds; push and/or pull within the limits of lifting and carrying; sit for a total of six hours in an eight hour work day; stand and/or walk for a total of six hours in an eight hour work day; and occasionally reach overhead. (Doc. 10, pp. 37-40). With the help of a vocational expert (VE), the ALJ determined that Plaintiff could perform his past relevant work as a video sales attendant, which was light, unskilled work. (Doc. 10, p. 40).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on May 20, 2016. (Doc. 10, pp. 6-12). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 16).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 413.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III. Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ erred in his credibility analysis; 2) the ALJ erred in disregarding the opinion of primary treating physician, Dr. Kendrick; and 3) the ALJ erred in his determination that Plaintiff retained the RFC to perform a limited range of light work.[2]  (Doc. 13).

#### A. Combination of Impairments:

Plaintiff argues that the ALJ erred in failing to consider all of his impairments in combination. The ALJ stated that in determining Plaintiff's RFC prior to the expiration of his insured status, he considered "all of the claimant's impairments, including impairments that are not severe." (Doc. 10, pp. 33-34). The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed

---

[2] The Court has re-ordered Plaintiff's arguments to correspond with the five-step analysis utilized by the Commissioner.

impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 10, p. 35-37). Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

### B. Subjective Complaints and Symptom Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. In a Function Report dated March 17, 2014, Plaintiff reported that he had pain in his neck and numbness in his left leg. (Doc. 10, p. 283). However, Plaintiff also reported that he lived alone; had no problems with personal care, with the exception of lifting his arms overhead to wash his hair; prepared simple meals daily; and did household chores, including doing laundry, cleaning, washing dishes, and making the bed. (Doc. 10, pp. 284-285). Plaintiff also reported that he could drive a car, go out alone, shop in stores for food, pay bills, count change, handle a savings account, and use a checkbook or money order. (Doc. 10, p. 286). Plaintiff stated that he could

5

not walk more than three blocks before needing to rest; however, he would visit his mother once or twice a week without needing anyone to accompany him. (Doc. 10, pp. 287-289).

With regard to Plaintiff's physical impairments, medical records showed that in November of 2011, Plaintiff underwent an anterior cervical fusion at the C5-6 vertebrae level. (Doc. 10, pp. 425-429). Post-operative reports showed a complete resolution of preoperative arm pain and that his myelopathic symptoms were also resolving. (Doc. 10, p. 422). Within a couple of months, Plaintiff began to complain of headaches and neck pain; however, the medical record revealed that Plaintiff was treated conservatively for his post-surgery neck pain as well as an additional physical impairment of diabetes. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998); see Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992) (course of conservative treatment contradicted claims of disabling pain). Moreover, medical records from 2014 and 2015 showed that Plaintiff was satisfied with his current pain management regimen prescribed by Dr. John Kendrick and that he was able to adequately maintain activities of daily living. (Doc. 10, pp. 662, 695, 698, 702, 707, 711, 715, 720, 725, 730, 734, 738). See Brown v. Astrue, 611 F.3d 941, 955 (8th Cir. 2010) (if an impairment can be controlled by treatment or medication it cannot be considered disabling). With regard to Plaintiff's mental impairment, Plaintiff's depression was also treated conservatively with medication.

As the ALJ pointed out, the medical record demonstrated that Plaintiff was non-compliant with his medication and other treatment recommendations on numerous occasions, which negatively impacted his credibility. (Doc. 10, pp. 389, 395, 482, 504, 522, 534, 536, 548, 554, 734). See Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005) (citations omitted) ("A failure to follow a recommended course of treatment also weighs against a claimant's credibility.").

6

While it is clear that Plaintiff suffers with some degree of limitation, he has not established that he was unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C. The ALJ's RFC Determination and Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (citations omitted). An ALJ may discount such an opinion if other medical assessments are supported

by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2)).

In the present case, when determining that Plaintiff could perform light work with limitations, the ALJ considered the relevant medical records, the medical opinions from treating, examining, and non-examining physicians, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians") (citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

In his argument, Plaintiff points to a March 11, 2015, Medical Source Statement completed by Dr. John Kendrick, where he opined that Plaintiff was not capable of lifting or carrying; could sit for two hours at a time; could stand for twenty minutes at a time; could walk for ten minutes at a time with the use of a cane; could sit six hours in an eight hour work day; could stand one and one-half hours in an eight hour work day; and could walk thirty minutes in an eight hour work day. (Doc. 10, pp. 683-684). The ALJ discussed the Medical Source Statement and determined that Dr. Kendrick's assessment was unsupported by his own treatment records. (Doc. 10, p. 39). Furthermore, Dr. Kendrick did not identify any particular medical or clinical findings to support his assessment or the limitations he placed on Plaintiff, and as the ALJ noted, Dr. Kendrick recommended that a physical therapy evaluation was

needed to confirm his assessment. (Doc. 10, pp. 39, 680-688). Therefore, the ALJ gave Dr. Kendrick's Medical Source Statement little weight. (Doc. 10, p. 39).

"Because [Dr. Kendrick's ] determination contradicted other objective evidence in the record, the ALJ's decision to give less weight to [Dr. Kendrick's] determination was reasonable." Renstrom, 680 F.3d at 1066 (citing Partee v. Astrue, 638 F.3d 860, 864 (8th Cir. 2011). See also Martise v. Astrue, 641 F.3d 909, 925 (8th Cir. 2011) ("[W]hen a treating physician's opinions are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight.") (internal quotation marks and citation omitted). Moreover, Dr. Kendrick's Medical Source Statement was a checkbox form. A treating physician's checkmarks on an MSS form are conclusory opinions that may be discounted if contradicted by other objective medical evidence in the record. See Martise v. Astrue, 641 F.3d 909, 926 (8th Cir. 2011) (citing Stormo v. Barnhart, 377 F.3d 801, 805-06 (8th Cir. 2004)).

The ALJ also discussed the remainder of the opinions from Plaintiff's examining and treating physicians and gave them substantial weight. (Doc. 10, p. 40). See Brown v. Astrue, 611 F.3d 941, 951-52 (8th Cir. 2010) (The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions.).

The ALJ also took Plaintiff's obesity into account when determining that Plaintiff could perform light work with limitations. Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal). The Court also notes, however, that Plaintiff did not allege obesity as a disabling condition in his disability applications, and none of Plaintiff's

treating physicians placed any work restrictions on him as a result of his obesity. See Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001) (The fact that she did not allege depression in her application for disability benefits is significant, even if the evidence of depression was later developed); see Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability).

Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination of light work with limitations.

### D.     Past Relevant Work:

Plaintiff has the initial burden of proving that he suffers from a medically determinable impairment which precludes the performance of past work. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991). Only after the claimant establishes that a disability precludes performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work. Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if he retains the RFC to perform:

> 1.  The actual functional demands and job duties of a particular past relevant job; *or*
>
> 2.  The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 416.920(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990) (expressly approving the two part test from S.S.R. 82-61).

Here, the ALJ specifically found that Plaintiff could return to his past relevant work as a video sales attendant. (Doc. 10, p. 40). In doing so, the ALJ relied upon the opinion of a vocational expert, who opined that Plaintiff's past relevant work as a video sales attendant was considered light, unskilled work in the Dictionary of Occupational Titles. See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work.") (citations omitted). Accordingly, the Court finds substantial evidence to support the ALJ's finding that Plaintiff could perform his past relevant work as a video sales attendant, as that job is generally performed.

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 29th day of August, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE